IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

| | |
|---|---|
| Demetrius Proctor )<br>3600 Ely Place, SE )<br>Washington, DC 20019 )<br> )<br> )<br>Plaintiff )<br> )<br>-against- )<br> )<br>Travis McCoy a/k/a Travie McCoy )<br>Bruno Mars )<br>Phillip Lawrence )<br>Ari Levine )<br>Thou Art The Hunger )<br>Music Famamanem LP )<br>Epileptic Caesar Music )<br>Defendants ) | FILED ___ ENTERED<br>___ LODGED ___ RECEIVED<br><br>JAN 2 8 2014<br><br>AT GREENBELT<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>BY_____ DEPUTY<br><br>Civil Action No.: __PJM 14 CV 0269__ |

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by his attorney, for his complaint against Defendants, allege:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.)

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1400(a), in that a portion of the acts of infringement complained of herein occurred in this District.

1

## PARTIES

4. Plaintiff Demetrius Proctor, is an individual residing in the District of Columbia.

5. Upon information and belief, Defendant Travis McCoy, is an individual residing in New York.

6. Upon information and belief, Defendant Bruno Mars, is an individual residing in California.

7. Upon information and belief, Defendant Phillip Lawrence, is an individual whose whereabouts are unknown.

8. Upon information and belief, Defendant Ari Levine, is an individual residing in New York.

9. Upon information and belief, Defendant Thou Art The Hunger, is a limited liability company duly organized and existing under the State of California, with its principal place of business in the State of California.

10. Upon information and belief, Defendant Music Famamanem LP, is a limited liability company duly organized and existing under the State of New York, with its principal place of business in the State of New York.

11. Upon information and belief, Defendant Epileptic Caesar Music, is a limited liability company.

## COUNT 1

### INFRINGEMENT OF COPYRIGHT

12. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

13. Plaintiff is, and at all relevant times have been, the copyright owner or licensee of

exclusive rights under United States copyright with respect to a certain copyrighted song recording including, but not limited to, the copyright sound recording identified in Exhibit A attached hereto, which is the subject of a valid Certificate of Copyright Registration issued by the Registrar of Copyrights (the "Copyrighted Recording").

14. Among the exclusive rights granted to the Plaintiff under the Copyright Act is the exclusive right to reproduce the Copyrighted Recording and to distribute the Copyrighted Recording to the public.

15. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to download the Copyrighted Recording, to distribute the Copyrighted Recording to the public, and/or to make the Copyrighted Recording available for distribution to others. In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright. (Exhibit B contains a complete listing of files Defendant have made available for distribution to the public. In addition to the sound recording listed on Exhibit A, the sound recording listed on Exhibit B is owned by or exclusively licensed to Plaintiff. Plaintiff is informed and believe that the sound recording listed on Exhibit B have been downloaded, distributed and/or offered for distribution without permission of the respective copyright holder).

16. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the right of Plaintiff.

17. As a result of Defendants infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

Defendants' infringement of the Copyrighted Recording. Plaintiff further is entitled to his attorneys' fees and costs pursuant to 17 17 U.S.C. § 505.

18. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § §502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyright, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiff's exclusive rights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an injunction providing:

> "Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recording and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiff, including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recording, to distribute (*i.e.*, upload) Plaintiffs' Recording, or to make any of Plaintiffs' Recording available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant shall destroy all copies of Plaintiffs' Recording that Defendants have downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of that downloaded recording transferred onto any physical medium or device in Defendants' possession, custody, or control."

2. For statutory damages for each infringement of the Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. In the alternative, Plaintiff is entitled to punitive damages for Unjust Enrichment under Maryland law. Unjust Enrichment is established when: (1) a party confers a benefit upon another; (2) the benefiting party knows or appreciates the benefit;

and (3) the benefiting party's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow him or her to retain the benefit without the paying of value in return. *Benson v. State*, 389 Md. 615, 651-52 (2005), quoted in *Jackson v. 2019 Brandywine, LLC*, 180 Md. App. 535 (2007). Defendants knew or should have known of the existence of Plaintiffs' Copyrighted Recording and that the use thereof would be beneficial to Defendants. Defendants benefited from the use of the Copyrighted Recording without conferring any benefit to the Plaintiff. To allow the Defendants to accept the benefit of the work, without paying any cost for it, would be inequitable. "The doctrine of unjust enrichment is applicable where a party, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money, and give rise to the policy of restitution as a remedy." *Hill v. Cross Country Settlements, LLC*, 172 Md. App. 350 (2007) (citations omitted); Jackson, <u>supra</u>.

4. For Plaintiffs' costs in this action.

5. For Plaintiffs' reasonable attorney's fees incurred herein.

6. For such other and further relief as the Court may deem just and proper.

By: _____
Lanet R. Scott, Esq., 18867
The Law Office of Lanet Scott
P.O. Box 471323
District Heights, MD 20753
Attorney for the Plaintiff